# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUBERT JACKSON, | ) Civil Action No. 2: 13-cv-1301 |
| Plaintiff, | ) United States District Judge |
| | ) Arthur J. Schwab |
| v. | ) |
| | ) United States Magistrate Judge |
| JOHN E. WETZEL, et al., | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Complaint in this matter be dismissed sua sponte pursuant to the authority granted courts by the Prison Litigation Reform Act ("PLRA") for failure to state a claim upon which relief can be granted.

### II. REPORT

Hubert Jackson, ("Plaintiff") is currently incarcerated at SCI-Somerset. Plaintiff has filed *pro se* a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 10). Named as Defendants are John E. Wetzel, the Secretary of the Pennsylvania Department of Corrections; Gerald R. Rozum, the Superintendent of SCI-Somerset; and four (4) judges of the Court of Common Pleas of Allegheny County: Gerald M. Bigley, Joseph M. James, Donna Jo McDaniel, and W. Terrence O'Brien (hereinafter referred to as the "Judicial Defendants").

Plaintiff claims that he is being held in prison on the basis of seven (7) void court commitment forms issued during the time period from 1988 – 1989 by the Judicial Defendants.

According to the Complaint, each of the Judicial Defendants sentenced Plaintiff in separate criminal cases[1] and because each sentencing judge failed to file a "Sentencing Order" upon the imposition of the sentence "as is required by state law, is indisputable evidentiary support that a Public Record [that the sentencing Order] is non-existence, which negated committing Plaintiff to the D.O.C. for confinement. . . . " The Complaint states that prior to October 16, 1998, "a criminal defendant was committed to the D.O.C. for confinement by a Sentencing Order," and because no such Sentencing Orders were entered in his cases, Plaintiff contends that he has been confined "under seven void court commitment forms rather than seven lawful court Sentencing Orders." Complaint at ¶ 19.

As relief, Plaintiff seeks, *inter alia*: (i) "a declaration that the actions and omissions [of Defendants] violated plaintiff's rights under the Constitution of the United States;" (ii) a preliminary and permanent injunction against the Judicial Defendants "to stop enforcing sentencing judge John W. O'Brien's non-existent Sentencing order and defendant Rozum to stop enforcing the seven void court commitment forms;" and (iii) compensatory damages of $1,500,000 and punitive damages in the amount of $1,525,000. Complaint, at ¶¶ 30-35.

### A. Applicable Legal Principles

In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of often times frivolous and harassing lawsuits brought by persons in custody. *See Santana v. United States*, 98 F.3d 752, 755 (3d Cir.

---

[1] Judge Bigley sentenced Plaintiff in court case no. 8700768 on March 3, 1989; Judge James sentenced Plaintiff in court case nos. 8801908 on September 20, 1988; Judge McDaniel sentenced Plaintiff in court case nos. 8803564, 8803566 and 8803567 on October 12, 1988; and Judge W. Terrence O'Brien sentenced Plaintiff in court case no. 8808196 on May 5, 1989. Paragraph 15 of the Complaint also states that Judge John W. O'Brien sentenced Plaintiff in case no. 8810278 on October 18, 1989; however, Judge John W. O'Brien is not named in the caption nor is he listed among the named defendants in the Complaint. *See* Complaint, ¶¶ 4 – 10.

1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis* and permitted courts to *sua sponte* screen such prisoner complaints and dismiss pre-service such complaints or portions of complaints if they are, *inter alia,* frivolous or fail to state a claim. In the instant case, Plaintiff has been granted IFP status (ECF No. 9) and is a prisoner within the meaning of 28 U.S.C. § 1915.[2] Thus, Section 1915(e)(2) screening is applicable herein.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). *See., e.g., Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.")

In addition, because Plaintiff is a prisoner seeking "redress from a government entity or officer or employee of a government entity," the screening provisions of 28 U.S.C. § 1915A(a), apply as well. Moreover, under § 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. *Nieves v. Dragovich*, No. Civ. A. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

3

or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which could be granted,"), *aff'd*, 175 F.3d 1101 (3d Cir. 1999) (Table).

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6), and hence, also under the PLRA screening provisions. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

4

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is proper under Rule 12(b)(6), and hence, under the PLRA screening provisions, where the court determines that the contradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is *pro se,* courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

**B.     Discussion**

1.     *Habeas Corpus*

When a prisoner challenges the duration of his confinement "and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodgriquez*, 411 U.S. 475, 50 (1973). Thus, a plaintiff may not seek relief from custody except in a habeas corpus action pursuant to 28 U.S.C. § 2254.

The Court does not construe Plaintiff's filing as a habeas corpus petition. The complaint clearly states that Plaintiff is seeking "redress and damages for violation of 42 U.S.C. § 1983 and, in particular, the cruel and unusual punishment, and due process provisions of the United States Constitution." Complaint at ¶ 1.

Moreover, the Court notes that Plaintiff has filed numerous habeas challenges in this Court to his convictions arguing that because his judgment of sentence was never recorded on the docket sheet, his convictions were never final. *See* Civil Action Nos. 2:09-cv-88; 10-cv-

1358; 11-cv-1594; 12-cv-0949; 13-cv-1454 (challenges to conviction at CC 8808196); 99-cv-1793; 05-cv-335; 10-cv-1359; 11-cv-1595; and 12-cv-0948 (challenges to conviction at CC 8810278). As recently as January of 2013, Plaintiff was advised that "even if Petitioner is correct that the Pennsylvania state courts made a mistake by failing to record his judgment of sentence on the docket, this is merely a clerical error or at most a procedural error of state law (or procedure) which would not serve as a basis for federal habeas relief." *See* Civil Action No. 99-1793, Order of January 24, 2013 (Conti, J.) (ECF No. 17).

    2.    *42 U.S.C. § 1983*

    a.    <u>Claims are Barred by *Heck v. Humphrey*</u>

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law." *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir. 2005).

Plaintiff claims that his seven (7) court commitment forms are void and the various Defendants were involved with either procuring, entering, or enforcing those commitment orders. His claims, however, are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey,* the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

6

caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486–87 (1994) (footnote omitted). Even if a plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489.

*Heck* addressed a claim for monetary damages. But the reasoning of *Heck* also applies to claims for declaratory relief that would necessarily imply the invalidity of the plaintiff's confinement. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

To succeed on his claims, Plaintiff would need to show that his criminal judgments are void. Therefore, his claims are not cognizable under 42 U.S.C. § 1983 unless or until those judgments have been set aside. Plaintiff has not alleged that the judgments have been set aside, and given the allegations in the Complaint it is reasonable to infer that they have not. Therefore, Plaintiff's claims are barred by *Heck*.

b. <u>Claims are Barred by the Statute of Limitations</u>

Additionally, it is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, the United

States Court of Appeals for the Third Circuit has determined that "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury actions in Pennsylvania is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524. In this case, the commitment orders of which Plaintiff is complaining were entered in 1988 and 1989. It appears that Plaintiff was initially committed to the Diagnostic and Classification Center at SCI-Pittsburgh on September 22, 1988. *See* Complaint, at ¶ 19. Plaintiff did not file this Complaint until twenty-five years after he was committed to the custody of the Department of Corrections. As such, his claims are time barred and no exception to or tolling of the limitations period applies.[3]

   c. <u>Absolute Judicial Immunity</u>

Finally, the Judicial Defendants are members of the State judiciary, and are entitled to have the complaint dismissed against them on the basis of absolute judicial immunity because all of the allegations contained in the complaint show that Plaintiff dealt with the Judicial Defendants solely in their capacity of presiding over Plaintiff's criminal trials.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, *i.e.,* whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. *Id.* at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") Here, the complaint makes

---

[3] Plaintiff offers no explanation for the delay in filing this lawsuit other than to state that "this civil action is not barred by the statute of limitations, and the Prison Litigation Reform Act (PLRA) of 1995 is inapplicable to this civil action." Complaint, at ¶ 24.

clear that the actions taken or not taken by the Judicial Defendants and, complained of by Plaintiff, were actions taken in their judicial capacities and thus, judicial immunity bars Plaintiff's claims against them in this suit. Moreover, even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. *Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). *See also Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice.")

To the extent that Plaintiff's requested relief can be construed as a request for injunctive relief against the Judicial Defendants, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in *Fox v. Lee* is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle,* 42 F. Supp. 2d 265, 273 (E.D.N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n.3 (D.N.J. June 15, 1998) (same).

*Fox v. Lee*, 99 F. Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief should be dismissed as well.

### 3. *Leave to Amend is Not Warranted*

Ordinarily, a plaintiff may be granted "leave [to amend] . . . when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). However,"[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] develop any new facts since the action was commenced, which would, if true, cure the defects in the pleadings . . ., would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis'." *Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 164 (3d Cir. 2004). Because Plaintiff's claims are barred by *Heck,* because Plaintiff's claims are time barred and no exception to or tolling of the limitations period applies, and because Plaintiff's claims against the Judicial Defendants are barred by the doctrine of absolute immunity, granting him leave to amend would necessarily be futile.

## III. Conclusion

Based on the foregoing, it is recommended that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **November 25, 2013**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

    *s/ Cynthia Reed Eddy*
    Cynthia Reed Eddy

Dated: November 8, 2013    United States Magistrate Judge

cc:  HUBERT JACKSON
     AJ2373
     1600 Walters Mill Road
     Somerset, PA 15510